Juan Hector **PEREZ GARCIA;** Maria Isabel **Ayala Mendoza;** Esperanza **Perez,** Petitioners,

v.

Peter D. **KEISLER,** * **Acting Attorney General, Respondent.**

No. 05–75658.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Oct. 2, 2007.

Juan Hector Perez Garcia, Bakersfield, CA, pro se.

Maria Isabel Ayala Mendoza, Los Angeles, CA, pro se.

Esperanza Perez, Los Angeles, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson,

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esq., Stacy S. Paddack, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Juan Hector Perez Garcia, his wife Esperanza Perez and their daughter Maria Isabel Ayala Mendoza, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") orders affirming an immigration judge's decision denying their applications for cancellation of removal and its order denying Perez Garcia's and Esperanza Perez's requests for voluntary departure. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir.2001), we deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Perez Garcia and Esperanza Perez gave false testimony to obtain an immigration benefit when they testified they had not left the United States since entering in May 1989, and thus lacked the good moral character required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(B); 8 U.S.C. § 1101(f)(6); *Ramos,* 246 F.3d at 1266.

Substantial evidence supports the BIA's determination that Ayala Mendoza lacked a qualifying relative for purposes of cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D) (alien must establish that

removal would result in exceptional and extremely unusual hardship to the alien's United States citizen or lawful permanent resident spouse, parent or child).

We lack jurisdiction to review Perez Garcia's and Esperanza Perez's challenge to the BIA's factual basis for denying their requests for voluntary departure. *See* 8 U.S.C. § 1229c(f) (no court shall have jurisdiction over an appeal from the denial of voluntary departure); *Ramadan v. Gonzales,* 479 F.3d 646, 654 (9th Cir.2007) (notwithstanding any other statutory jurisdictional bar, the court retains jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review questions of law, including the application of law to undisputed facts).

We do not reach Petitioners' contentions regarding physical presence.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

